

# IN THE
## TENTH COURT OF APPEALS

### No. 10-07-00207-CR

JIMMY PARR,

Appellant

 v.

THE STATE OF TEXAS,

Appellee

From the 54th District Court
McLennan County, Texas
Trial Court No. 2003-667-C2

## MEMORANDUM OPINION

Appellant was convicted by a jury of the felony offense of robbery.  He pled true to an enhancement paragraph and the jury assessed his punishment at confinement in the institutional division for a period of 17 years and assessed a $1,000 fine.  He appealed.

Appellant and his co-defendant followed the victim from an ATM to her apartment.  When she stepped out of her car, they approached her on foot.  Appellant grabbed her purse, and when she refused to release it, he held a gun to the side of her

neck and took the purse. The gun was later determined to be a BB gun. The sufficiency of the evidence is not challenged.

Appellant raises two issues on appeal. First, that his bond was improperly raised during trial, and second, that he was denied a complete *Batson* hearing at which he could cross-examine the prosecutor regarding his reasons for exercising peremptory strikes against two African–American venire members. We overrule the first issue and abate the appeal for the trial court to complete the *Batson* hearing.

During the trial, the court became concerned about the sufficiency of the appellant's bond. After a hearing at which a witness testified that appellant had threatened him and his family, the court raised appellant's bond from $10,000 to $75,000, and he was placed into custody for the remainder of the trial. Appellant contends that this action constituted an abuse of the trial court's discretion. While the amount of bond set by a trial court can be appealed prior to trial, once a defendant is convicted, any complaint about that bond becomes moot. *Martinez v. State*, 826 S.W.2d 620 (Tex. Crim. App. 1992). Appellant's issue here is similarly moot and is accordingly overruled.

In his second issue, appellant complains that he was not given an opportunity to cross-examine the prosecutor after he offered his race–neutral reasons for striking two African–American venire members.

After both sides had turned in their lists of peremptory strikes, but before the jury was seated and sworn, appellant objected to the state's striking of two African–American jurors, Nos. 31 and 28. The court then asked for the state's response. The

prosecutor then offered as reasons for striking No. 31 that her husband had a criminal history and that her answer to one specific question indicated that she had been involved in "situations" in the past. As for No. 28, the state said they struck him because he had not revealed a prior DWI conviction. After each explanation, the trial court stated that the *Batson* challenge was denied. Appellant's attorney then requested a hearing on the "third phase of the *Batson* trial," which, under questioning from the judge, he explained as cross-examining the prosecutor. The judge denied that request and proceeded with the trial.

The exclusion of a venire-member based on race violates the Equal Protection Clause. *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Once a *Batson* challenge is made, there is a three-step procedure that the trial court employs to determine the validity of the challenge. First, the defendant must establish a *prima facie* showing of purposeful discrimination by the prosecutor. Second, once the *prima facie* case is made, the prosecutor must come forward with a race-neutral reason for the peremptory challenge. Finally, once the prosecutor offers such an explanation, the defendant must rebut the explanation by showing that it is a mere pretext for an improperly motivated action.

An integral part of the *Batson* procedure is the right to cross-examine the prosecutor once he has stated his racially neutral reason for challenging the jury. *Salazar v. State*, 795 S.W.2d 187, 192-93 (Tex. Crim. App. 1990). The *Salazar* court explained:

> Cross-examination is necessary in a *Batson* hearing because once the State has met its burden of coming forward with neutral explanations for its peremptory strikes, the burden to show purposeful discrimination shifts back to the defendant to impeach or refute the neutral explanation or show that it is merely a pretext.

*Id.* at 192 (citations omitted).

In the instant case, the trial court made an implicit finding that a *prima facie* case had been made when he requested the State to respond and then heard their two race–neutral explanations. After each of those explanations, he denied the challenge. Appellant's trial attorney then requested a hearing on the "third phase of the *Batson* trial." After clarifying that the defense attorney wanted to cross-examine the prosecutor on the stand, the trial court refused to allow it. This action violated the holding of *Salazar*.

The proper remedy for a violation of the procedures for a *Batson* hearing is to abate the appeal and remand the case to the trial court to conduct a further hearing. *Guzman v. State*, 85 S.W.3d 242, 255 (Tex. Crim. App. 2002). Consequently, we abate the appeal and remand the case to the trial court to conduct a further *Batson* hearing which, at a minimum, will provide the appellant an opportunity to cross-examine the prosecutor.

The appeal is abated.

KEN ANDERSON
District Judge

Before Chief Justice Gray,
 Justice Vance, and
 Judge Anderson[1]
 (Chief Justice Gray dissenting)
Abated
Opinion delivered and filed November 5, 2008
Do not publish
[CR25]

---

[1] Ken Anderson, Judge of the 277th District Court of Williamson County, sitting by assignment of the Chief Justice of the Texas Supreme Court pursuant to section 74.003(h) of the Government Code.